IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROYAL NEIGHBORS OF AMERICA,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:18-CV-2001-L** |
| **KIDS KAMPUS CREATIVE LEARNING CENTER, LLC; DIANN WOOD ROBERTSON; CHAD ROBERTSON,** individually and as the independent executor of the estate of Dale Evans Robertson, deceased; **LORI ROBERTSON; JARED ROBERTSON;** and **MATTHEW ROBERTSON,** | § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Before the court is Plaintiff's Motion for Discharge and Attorney's Fees (Doc. 29), filed January 9, 2019; Plaintiff's Motion to Dismiss First Amended Counterclaim (Doc. 41), filed March 7, 2019; and Plaintiff's Motion for Summary Judgment (Doc. 57), filed June 20, 2019. On August 21, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 75) was entered, recommending that the court: (1) grant Plaintiff's Motion for Summary Judgment (Doc. 57) and dismiss with prejudice all counterclaims by the Robertson Defendants[*] against Plaintiff as time-barred and lack of standing as third parties to the deceased's life insurance policy; (2) grant Plaintiff's Motion for Discharge and Attorney's Fees and award

---

[*] For purposes of this order, the Robertson Defendants include Defendants Chad Robertson, individually and as the independent executor of the estate of Dale Evans Robertson, deceased; Lori Robertson; Jared Robertson; and Matthew Robertson (collectively, "Robertson Defendants").

**Order – Page 1**

Plaintiff attorney's fees and costs totaling $7,000, which is approximately half the amount Plaintiff requested to recover, and dismiss Plaintiff from this action; and (3) deny as moot Plaintiff's Motion to Dismiss First Amended Counterclaim (Doc. 41). No objections to the Report were filed.

Having considered the motions, briefs, pleadings, evidence, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court: (1) **grants** Plaintiff's Motion for Summary Judgment (Doc. 57) and **dismisses with prejudice** all counterclaims by the Robertson Defendants' against Plaintiff; (2) **grants** Plaintiff's Motion for Discharge and Attorney's Fees and **awards** Plaintiff attorney's fees and costs in the total reduced amount of **$7,000**, which **shall** be paid from the funds previously interpleaded and deposited into the court's registry; and (3) **denies as moot** Plaintiff's Motion to Dismiss First Amended Counterclaim (Doc. 41). To preserve its jurisdiction over this action, the claimants' competing claims over the life insurance policy proceeds, and the interpleaded funds, the court also **enjoins and bars** all Defendants, pursuant to Plaintiff's Request (Doc. 29 at 11), from pursuing any claims or actions related to the life insurance policy proceeds, or any other proceeds or benefits under Certificate No. 10030439 in any other state or federal court. Further, as all claims by Defendants against Plaintiff have been dismissed, the court expressly determines, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason to delay the entry of final judgment in this case as to Plaintiff Royal Neighbors of America and will direct the clerk of the court to enter a final judgment as to Plaintiff Royal Neighbors of America *only*.

Further, the court **returns** this action to the magistrate judge for further proceedings as appropriate under the standing order of reference and **directs** the magistrate judge to realign the

remaining parties in this action, to the extent necessary, to facilitate the resolution of the competing claims to the policy proceeds by the remaining parties to this action.

**It is so ordered** this 6th day of September, 2019.

Sam A. Lindsay
United States District Judge