IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHAD ROBERTSON,** *individually and* | § | |
| *as the independent executor of the estate* | § | |
| *of Dale Evans Robertson, deceased*; | § | |
| **LORI ROBERTSON;** | § | |
| **JARED ROBERTSON; and** | § | |
| **MATTHEW ROBERTSON,** | § | |
| | § | |
| Cross-Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. **3:18-CV-2001-L-BT** |
| | § | |
| **KIDS KAMPUS CREATIVE** | § | |
| **LEARNING CENTER, LLC and** | § | |
| **DIANN WOOD ROBERTSON** | § | |
| **nka DIANN ROBERTSON DIRIK,** | § | |
| | § | |
| Cross-Defendants. | § | |

## <u>ORDER</u>

Before the court are the Motion for Summary Judgment (Doc. 54), filed on June 18, 2019,

by Kids Kampus Creative Learning Center, LLC ("KKCLC"); and the Motion for Partial Summary

Judgment (Doc. 59), filed on June 20, 2019, by Chad Robertson, individually and as the independent

executor of the estate of Dale Evans Robertson, deceased; Lori Robertson; Jared Robertson; and

Matthew Robertson (collectively, "the Robertson Children").

On February 28, 2020, the Findings, Conclusions and Recommendation of the United States

Magistrate Judge ("Report") (Doc. 78) was entered, recommending that the court grant the

Robertson Children's motion, deny KKCLC's motion, and declare the Robertson children the proper

---

* Although the court directed the magistrate judge to realign the parties in its order of September 6, 2019 (Doc. 76 at 2-3), the realignment was not made as reflected in the Report (Doc. 78) and docket sheet. It is apparent, however, from the case caption used in the Report that this was impliedly done by the magistrate judge. In any event, the court uses the caption herein to reflect the parties as **realigned.**

beneficiaries of the life insurance policy proceeds that were previously deposited into the registry of the court. The magistrate judge also noted that "DiAnn Robertson Dirik, formerly DiAnn Robertson, . . . does not claim an interest in the proceeds of the interpleader." Report 4 n.1 (quoting Dirirk Resp. to the Robertson Children's Summ. J. Mot. 1). No objections to the Report were filed.

Having reviewed the motions, briefs, evidence, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the Robertson Children's Motion for Partial Summary Judgment (Doc. 59); **denies** KKCLC's Motion for Summary Judgment (Doc. 54); and **declares** that the Robertson Children are the beneficiaries under Royal Neighbors of America's term life certificate no. 10030439, insuring the life of Dale Evans Robertson. The clerk of the court is **directed** to divide and pay, in accordance with its normal procedure, the funds that remain in the court's registry, together with any accrued interest, to the Robertson Children in equal amounts.

Further, as noted in the Report, DiAnn Robertson Dirik ("Dirik") indicated in response to the Robertson Children's summary judgment motion that she is not claiming an interest in the insurance proceeds. The court also notes that Dirik previously requested that she be dismissed from this action in her Answer to the Robertson Children's cross-claim against her and KKCLC. Dirik Ans. 8 (Doc. 48). In the same Answer, however, she asserted various affirmative defenses, disputed whether the Robertson Children had standing to pursue a claim to the insurance proceeds, and requested that KKCLC be declared the rightful beneficiary of the insurance proceeds. *Id.* at 7. Having determined that the Robertson Children, rather than KKCLC, are the beneficiaries of the insurance proceeds, all relief, claims, and defenses asserted or sought in this action by Dirik necessarily fail as a matter of law. For this reason, and because no substantive response was filed

by Dirik to the Robertson Children's summary judgment motion, and no objections to the Report were filed by her, the court determines that she has waived or abandoned her request to have KKCLC declared the beneficiary of the insurance proceeds and any affirmative defenses. *See Black v. Panola Sch. Dist*., 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp*., 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue"). The court, therefore, **dismisses with prejudice** all claims, relief, and affirmative defenses by Dirik in this action.

The parties agree that neither is entitled to attorney's fees, and none is awarded. Having resolved all claims asserted in this interpleader action, the court will enter a final judgment by separate order, as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 23rd day of March, 2020.

Sam A. Lindsay
United States District Judge